Herbert D. Hamm, J.
This is a proceeding under article 78 of the Civil Practice Act to annul an order made by the respondent Commissioner of Agriculture and Markets to extend the time for filing claims by producer creditors of a bankrupt processing corporation.
The Orleans County Canning Co., Inc., on obtaining a processing plant license, filed a surety bond in the amount of $3,000 with the Commissioner of Agriculture and Markets in pursuance of the requirements of article 20-B of the Agriculture and Markets Law. Thereafter the company filed a petition in bankruptcy, was adjudicated bankrupt and the $3,000 were collected from the surety company for distribution to the producer creditors of the bankrupt processor. Section 251-r of the Agriculture and Markets Law then provided and now provides: ‘ ‘ Upon default by the licensee in any of the conditions of the bond, if there is reason to believe that the licensee owes for fruits, vegetables or poultry purchased or received from producers, the commissioner shall give reasonable notice for all such producers to file verified claims, and may, if he deems it advisable, fix a limit of time within which such claims must be filed.”
Thereafter the commissioner’s predecessor gave notice to creditors to present claims and in pursuance of the permissive power contained in the statute mentioned fixed a period expiring September 1,1958 within which such claims might be filed. The petitioners and one other producer créditor filed claims. A hearing was then conducted on December 30, 1958, and on an adjourned date on February 16, 1959. This hearing was not pursuant to statutory direction within the meaning of section *88 1296 of the Civil Practice Act. The notice of hearing for December 30, 1958 stated that the commissioner proposed to prorate the $3,000 to the petitioners and the other claimant. Three days after the hearing the commissioner advised the petitioners that there were no appearances at the hearing bnt that letters had been received from three attorneys with reference to the proposed distribution and that he had adjourned the proceeding to February 16, 1959.
After the hearing on February 16, 1959 the commissioner extended the time within which to file claims to May 15, 1959. The reason for extending the time will be later stated. But first the petitioners contend that, regardless of how compelling the circumstances, the respondent commissioner had no power to extend the time for filing claims. Pursuant to the Agriculture and Markets Law (§ 251-r, subd. 2, supra) reasonable notice was mandatory but fixing a deadline was merely permissive. If reasonable notice was not given, the commissioner not only had the power to extend the time for filing but may have been under a duty to do so in pursuance of his duties. The petitioners acquired no vested right by the exercise of the commissioner’s discretionary authority in establishing a limit of time.
So the further issue is presented, not whether the commissioner was without power to make an order, but whether the order which he did make extending the time for receiving claims was arbitrary. There were only two publications of notice to file; the notice was published once in the Batavia Daily News published in Genesee County and once in the Rochester Democrat and Chronicle published in Monroe County. There was testimony at the hearing on February 16, 1959, that the Batavia paper was not generally circulated in Orleans County where ‘ ‘ the members of the Orleans County Canning Company growers are located ” and that the Rochester Democrat and Chronicle was not taken in the western part of Orleans County where members of the Orleans County Canning Company growers were located.
At the hearing a producer creditor who had not previously filed was sworn and testified. He submitted an affidavit that the bankrupt corporate processor owed him $8,796 and also offered affidavits from 18 other growers, which stated the respective amounts owed to them and which alleged that reasonable notice had not been given to them. The total of the 18 unfiled claims added to the claim of the witness was in excess of $60,000. Moreover, the existence of producer creditors had been disclosed prior to the adjourned hearing on February 16 by an examination of the books of the bankrupt processor by *89 one of the commissioner’s subordinates. And with reference to that examination counsel representing the petitioners herein at the hearing stated: ‘1 That I do not deny and I do not object to. The fact there are other producer-creditors is well established.”
The petition alleges: ‘ ‘ Upon information and belief that such notice was published in the Rochester Democrat & Chronicle and the Batavia Daily News, two daily newspapers having the greatest common circulation in the area in which all producer-creditors resided.” This allegation was not denied in the answer. However, that only three creditors with aggregate claims of $7,505.77 filed claims prior to the September 1, 1958 deadline and that 19 creditors asserting lack of reasonable notice and having total claims in excess of $60,000 failed to file claims constituted ample basis for extension of time. It is evident that the commissioner’s order extending the time to file was fully justified and in no sense arbitrary, capricious or unreasonable.
Submit order in accordance herewith on notice. All papers will be forwarded with the signed order.